IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>    v.<br><br>**ROBERT J. JESENIK,**<br>**N. SCOTT GILLIS,**<br>**ANDREW N. MacRITCHIE, and**<br>**BRIAN K. RICE**,<br><br>    Defendants. | Case No. 3:20-cr-228-SI<br><br>**OPINION AND ORDER** |

Scott Erik Asphaug, Acting United States Attorney, and Scott E. Bradford and Ryan W. Bounds, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, 1000 Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for United States of America.

Bryan Francesconi, OFFICE OF THE FEDERAL PUBLIC DEFENDER, 101 SW Main Street, Suite 1700, Portland, OR 97204; and Scott L. Mullins, MULLINS LAW OFFICE LLC, 100 SW Broadway Street, Suite 2300, Portland, OR 97205. Of Attorneys for Defendant Robert J. Jesenik.

William Douglas Sprague, COVINGTON & BURLING LLP, Salesforce Tower, 415 Mission Street, Suite 5400, San Francisco, CA 94105; and James T. McDermott, MCDERMOTT WEAVER CONNELLY CLIFFORD LLP, 1000 SW Broadway, Suite 960, Portland, OR 97205. Of Attorneys for Defendant N. Scott Gillis.

Michael Tremonte and Alexandra G. Elenowitz-Hess, SHER TREMONTE LLP, 90 Broad Street, 23rd Floor, New York, NY 10004; and Samuel C. Kauffman, KAUFFMAN KILBERG LLC, 1050 SW Sixth Avenue, Suite 1414, Portland, OR 97204. Of Attorneys for Defendant Andrew N. MacRitchie.

Angelo J. Calfo, Patricia Anne Eakes, and Damon Elder, CALFO EAKES LLP, 1301 Second Avenue, Suite 2800, Seattle, WA 98101. Of Attorneys for Defendant Brian K. Rice.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

Before the Court are two motions brought under Rule 15 of the Federal Rules of Criminal Procedure. First, the government moves to depose a government witness to preserve that witness's testimony for trial. ECF 94. Second, Defendant Robert J. Jesenik moves to depose a defense witness to preserve that witness's testimony for trial. ECF 99. For the reasons explained below, the Court grants both motions.

## STANDARDS

Rule 15(a)(1) provides, in relevant part:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Fed. R. Crim. P. 15(a)(1). "Rule 15(a) allows the district court broad discretion in deciding whether to order depositions in a criminal case and explicitly states that such depositions will be reserved for exceptional circumstances . . . ." *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000) (quotation marks omitted).

"Rule 15(a) does not require any conclusive showing of 'unavailability' or 'material testimony' before a deposition can be taken in a criminal case." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998). "Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial." *Id*. In evaluating a motion under Rule 15, a court must consider "the particular circumstances of each case to determine whether the exceptional circumstances requirement has been satisfied." *Id.* (quotation marks omitted). Rule 15 depositions are "not allowed merely for the purpose of discovery." *U.S. v. Cutler*, 806 F.2d 933, 936 (9th Cir. 1986).

## BACKGROUND

In this case, a grand jury indicted Defendants Robert J. Jesenik, N. Scott Gillis, Andrew N. MacRitchie, and Brian K. Rice (collectively, Defendants) on one count of conspiracy to commit mail and wire fraud, 19 counts of wire fraud, one count of conspiracy to commit money laundering, and ten counts of money laundering. ECF 1. The grand jury also indicted Defendants Jesenik and Gillis on one count of bank fraud, one count of conspiracy to commit bank fraud, and one count of making a false statement on a loan application. *Id*. These charges all relate to Defendants' alleged activities with the Aequitas group of companies, including Aequitas Management LLC, Aequitas Holdings LLC, Aequitas Commercial Finance LLC, Aequitas Capital Management Inc., and Aequitas Investment Management LLC (collectively, Aequitas). As alleged in the indictment, Defendants conspired to mislead the victim investors by using Aequitas Commercial Finance LLC and other related companies to solicit investments in notes and funds for the purported purpose of buying trade receivables when in fact the investments were to be used predominantly to pay off earlier investors and to defray Aequitas's operating expenses. Aequitas collapsed in early 2016, owing its investors more than $600 million. According to the government, Aequitas had been insolvent since July 2014 through the date of its collapse almost two years later. The Court has scheduled a five-week jury trial to begin on April 3, 2023. ECF 70.

## DISCUSSION

**A.  Government's Motion to Depose AI-1 to Preserve Testimony for Trial**

The government seeks leave to depose a victim of the alleged wire and mail fraud scheme. That individual, whom the government refers to as Aequitas Investor Number One (AI-1), is 85 years of age. According to the government, AI-1 is at an elevated risk of succumbing to COVID-19 and other age-related infirmities.

PAGE 3 – OPINION AND ORDER

The government states that it intends to call AI-1 at trial to testify about what AI-1 was told by Defendants about Aequitas's business operations, including how Defendant Jesenik led AI-1 to believe how AI-1's investments would be used. The government asserts that AI-1's testimony would be uniquely material. The government explains that federal agents interviewed AI-1 in December 2017, and based on that interview, the government expects that AI-1 would testify that Defendant Jesenik was AI-1's primary point of contact at Aequitas. The government further expects that AI-1 would testify that AI-1 relied on Defendant Jesenik's oral representations about the nature and status of Aequitas's business in deciding to invest.

The government also expects that AI-1 would state that Defendant Jesenik flew to AI-1's Nevada office in July 2015 to solicit AI-1's investment in the Aequitas "Private Client Fund" and then flew with AI-1 from Nevada to Rancho Santa Fe, California, for an Aequitas investor-relations event. During both their private meeting and during the investor-relations event, AI-1 heard Defendant Jesenik emphasize the security of Aequitas's investments in healthcare receivables and the strength of Aequitas's business. AI-1 also received private placement memoranda for each of his investments that failed to disclose that new investments were routinely used to redeem other investors and to pay Aequitas's operating expenses. Based on these and other alleged misrepresentations and omissions, the government contends that AI-1 ultimately became one of the most significant individual investors in Aequitas, investing more than $16.5 million during the time frame described in the indictment.

Defendants Jesenik and Gillis state that they do not oppose the government's motion to depose AI-1. Defendant MacRitchie did not respond. Defendant Rice, however, opposes the government's motion. ECF 102. Defendant Rice argues that "the threat of 'age-related infirmities' the Government raises is entirely speculative and does not warrant a finding of

'exceptional circumstances' by this Court." *Id*. at 2. Defendant Rice adds that he will be prejudiced if a deposition is ordered because "the cross-examination will occur prior to the time that Mr. Rice's counsel has had the opportunity to even begin in any serious way a defense investigation." *Id*. at 4.

The Court is satisfied that the government has met its burden under Rule 15(a)(1). As the government explains, by the scheduled trial date, AI-1 would be 87 years old. That is nearly a decade beyond the average life expectancy of Americans in general, which the CDC most recently estimates to have declined to 77.3 years.[1] In addition, the world remains in the grip of the COVID-19 pandemic, which is far more dangerous to older persons. The CDC reports that more than 28 percent of COVID-associated deaths in the United States have occurred among individuals above the age of 85—even though such individuals constitute only two percent of the population.[2]

Further, the reason for the substantial delay between the indictment, which the grand jury returned on July 16, 2020, and the trial date of April 3, 2023 is to allow Defendants adequate time to prepare their defense in this complex case. The government opposed such a long delay, but the Court chose to grant Defendants the time their counsel stated they needed. That delay, however, should not be permitted to result in the loss of material testimony under the relatively unique circumstances presented here.

---

[1] *See* Elizabeth Arias, Betzaida Tejada-Vera, Farida Ahmad & Kenneth D. Kochanek, Provisional Life Expectancy Estimates for 2020, Centers for Disease Control and Prevention, National Center for Health Statistics, 1-2 (July 2021), https://www.cdc.gov/nchs/data/vsrr/vsrr015-508.pdf.

[2] *See* Demographic Trends of COVID-19 Cases and Deaths in the US Reported to CDC, Centers for Disease Control and Prevention (Nov. 8, 2021, 4:10 PM), https://covid.cdc.gov/covid-data-tracker/#demographics.

Finally, the Court rejects Defendant Rice's argument that he will be unfairly prejudiced by allowing the government to preserve for trial the testimony of AI-1. The government proposes to take AI-1's deposition "in or about March 2022 on a date and time determined to be mutually convenient to the witness and the parties desiring to attend the deposition." ECF 94 at 3. Counsel for Defendant Rice first appeared in this case on August 25, 2020, ECF 28, and Defendant Rice was arraigned on August 26, 2020. ECF 33. That was more than 15 months ago. In addition, the deposition of AI-1 will not be held for at least three months from now. That is more than enough time for Mr. Rice's counsel to be prepared to cross-examine that witness. Accordingly, the Court grants the government's motion.

**B. Defendant Jesenik's Motion to Depose DW-1 to Preserve Testimony for Trial**

Defendant Jesenik seeks leave to depose a witness whom his counsel identifies as DW-1. As explained by Defendant Jesenik, DW-1 is a long-time investor and eventual Advisory Board Member for Aequitas Capital Management. DW-1 currently is 87 years old, has had several serious health issues recently requiring hospitalization, and continues to require ongoing medical treatment. Defendant Jesenik explains that he intends to call DW-1 to testify about his ongoing investments with Aequitas Capital Management, his role as an Advisory Board Director with Aequitas Capital Management from 2007 until 2016, and his role as a Senior Advisor and Vice Chairman to Aequitas Capital Management. DW-1 also attended Investment Committee meetings during the period at issue. According to Defendant Jesenik, DW-1, in his role as both an advisor and investor, is uniquely situated to testify regarding Aequitas's internal business operations, procedures, and structure. ECF 99 at 2. The government does not object to Defendant Jesenik's motion. The Court grants Defendant Jesenik's motion for the same reasons that the Court grants the government's similar motion.

PAGE 6 – OPINION AND ORDER

## CONCLUSION

The Court GRANTS both the Government's Motion for Deposition of Government Witness to Preserve Testimony for Trial (ECF 94) and Defendant Jesenik's Motion for Deposition of Defense Witness to Preserve Testimony for Trial (ECF 99).

**IT IS SO ORDERED**.

DATED this 30th day of November, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
