## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:20-cr-228-SI |
| v. | **OPINION AND ORDER DENYING MOTION FOR BILL OF PARTICULARS** |
| **ROBERT J. JESENIK, N. SCOTT GILLIS, ANDREW N. MacRITCHIE, AND BRIAN K. RICE**, | |
| Defendants. | |

Ryan W. Bounds and Christopher L. Cardani, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Ave., Suite 600, Portland, OR 97204. Of Attorneys for United States of America.

Bryan Francesconi, OFFICE OF THE FEDERAL PUBLIC DEFENDER, 101 SW Main Street, Suite 1700, Portland, OR 97204; and Scott L. Mullins, MULLINS LAW OFFICE LLC, 1000 SW Broadway St., Suite 2300, Portland, OR 97205. Of Attorneys for Defendant Robert J. Jesenik.

William Douglas Sprague, COVINGTON & BURLING LLP, Salesforce Tower, 415 Mission St., Suite 5400, San Francisco, CA 94105; and James T. McDermott, MCDERMOTT WEAVER CONNELLY CLIFFORD LLP, 1000 SW Broadway, Suite 960, Portland, OR 97205. Of Attorneys for Defendant N. Scott Gillis.

Michael Tremonte and Alexandra G. Elenowitz-Hess, SHER TREMONTE LLP, 90 Broad St., 23rd Floor, New York, NY 10004; and Samuel C. Kauffman, KAUFFMAN KILBERG LLC, 1050 SW Sixth Ave., Suite 1414, Portland, OR 97204. Of Attorneys for Defendant Andrew N. MacRitchie.

Angelo J. Calfo, Patricia Anne Eakes, Damon Elder, and Kendall S. Cowles, CALFO EAKES LLP, 1301 Second Ave., Suite 2800, Seattle, WA 98101. Of Attorneys for Defendant Brian K. Rice.

**Michael H. Simon, District Judge.**

In this criminal action, a federal grand jury indicted four defendants on charges of conspiracy to commit mail and wire fraud, wire fraud, conspiracy to commit money laundering, money laundering, conspiracy to commit bank fraud, bank fraud, and making a false statement on a loan application. Now before the Court is a motion for a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure brought by Defendant Robert J. Jesenik and joined by Defendant Andrew N. MacRitchie. ECF 108. Defendant N. Scott Gillis also joins this motion. ECF 114. Defendant Brian K. Rice is silent on this issue. For the reasons explained below, the Court denies the pending motion for a bill of particulars.

## STANDARDS

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Rule 7(f) provides that a district court "may direct the government to file a bill of particulars" and that the "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). The Ninth Circuit instructs that "[a] motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1984). A bill of particulars serves three purposes:

> [1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (alterations added) (quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)). "In determining if a bill of particulars

should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054. The purposes of a bill of particulars "are served if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *see also Giese*, 597 F.2d at 1180 ("Full discovery also obviates the need for a bill of particulars."). "The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." *Long*, 706 F.2d at 1054.

## BACKGROUND

In July 2020, a grand jury indicted four defendants on one count of conspiracy to commit mail and wire fraud, 19 counts of wire fraud, one count of conspiracy to commit money laundering, and ten counts of money laundering. The grand jury also indicted Defendants Jesenik and Gillis on one count of conspiracy to commit bank fraud, one count of bank fraud, and one count of making a false statement on a loan application. These charges all relate to Defendants' alleged activities with the Aequitas group of companies, including Aequitas Management LLC, Aequitas Holdings LLC, Aequitas Commercial Finance LLC (ACF), Aequitas Capital Management Inc., and Aequitas Investment Management LLC (collectively, Aequitas). As alleged in the indictment, Defendants conspired to mislead investors by using ACF and other related companies to solicit investments in notes and funds for the purported purpose of buying trade receivables, when in fact the investments were to be used predominantly to pay off earlier investors and defray Aequitas's operating expenses. Aequitas collapsed in early 2016, owing its investors more than $600 million. According to the government, Aequitas had been insolvent since July 2014 through the date of its collapse in February 2016.

Mr. Jesenik founded Aequitas in Lake Oswego, Oregon, and served as its Chief Executive Officer. He controlled the structure of Aequitas and had ultimate decision-making authority over its various activities. Mr. MacRitchie served as an Executive Vice President and Chief Compliance Officer. He was responsible for the development and implementation of risk management and compliance processes and procedures. He also oversaw accounting, legal, and audit functions, as well as fundraising. Mr. Gillis was the Chief Operating Officer and Chief Financial Officer. He was responsible for directing Aequitas' overall financial policies and accounting functions. He established and maintained Aequitas' accounting principles, practices, procedures, and initiatives. He also prepared its financial reports and presented findings and recommendations to the executive team. In addition, Mr. Gillis oversaw all financial functions and designed and coordinated a variety of accounting and statistical data and reports for Aequitas. Mr. Rice served as an Executive Vice President. He oversaw the solicitation of investments through registered investment advisors (RIAs) and managed Aequitas' RIAs.

The Indictment alleges that Defendants and others used ACF and other Aequitas-related companies to solicit investors through the issuance of promissory notes and interests in Aequitas-created investment funds, many of which were purportedly backed by trade receivables in education, health care, transportation, and other consumer credit areas. Defendants allegedly used invested funds not only to pay Aequitas' operating costs but also to repay other investors. The Indictment further alleges that Defendants made material misrepresentations and omissions when soliciting and discussing the status of investments with investors and investment advisors. Defendants also allegedly used an intercompany loan to Aequitas Holdings, LLC to prop up ACF and other Aequitas entities and mislead investors, concealing from investors information that the intercompany loan was significantly under-collateralized and could not be repaid without

the occurrence of several speculative contingencies. Individuals allegedly invested more than
$400 million between January 2014 and February 2016.

The government has provided Defendants with substantial, indeed voluminous, electronic
discovery totaling millions of documents, along with detailed indices. In addition, like the
government, Defendants have the benefit of the findings and conclusions of Aequitas's court-
appointed receiver (Receiver), who assumed operational control of the company in March 2016.
In connection with a civil action brought by the Securities and Exchange Commission (SEC), a
federal court in the District of Oregon appointed the Receiver. *See In re Aequitas Mgmt., LLC, et
al*., Case No. 3:16-cv-438-JR (SEC Case), ECF 30 (interim order of appointment); ECF 156
(final order of appointment).

On November 21, 2018, the Receiver filed his 137-page report, accompanied by 35 pages
of exhibits. SEC Case, ECF 663. As the Receiver explained in his report, the district court
authorized the Receiver "to investigate the manner in which the financial and business affairs of
[Aequitas] were conducted." *Id*. at 7. Also in his report, the Receiver detailed the results of his
forensic accounting of Aequitas's use of investors' money and stated his conclusions that
Aequitas was "insolvent from at least July 3, 2014" and "dependent on continued infusion of
new Investor money to pay operating expenses and returns to Investors." *Id*. at 10. In a later-filed
motion also in the SEC Case, the Receiver stated that Aequitas operated during the period
charged in the Indictment as "an orchestrated and sprawling Ponzi scheme." SEC Case,
ECF 787, at 19.

In the pending criminal action, in January 2021 the Court scheduled a five-week jury trial
to begin April 3, 2023. ECF 70. In February 2021, the Court set a deadline of June 1, 2022, for
Defendants' dispositive motions and motions to suppress, if any. ECF 74. Also in February 2021,

the Court ordered the government to provide its trial exhibit list by September 16, 2022, and its witness list by November 7, 2022. *Id*. In January 2022, Defendants requested a bill of particulars.

## DISCUSSION

The parties agree that the government has provided substantial discovery. The parties disagree, however, on whether the government has provided adequate notice of the charges. The moving Defendants argue that a bill of particulars is necessary because the Indictment: (1) insufficiently specifies the investments at issue in Counts 1-20 of the Indictment; and (2) inadequately identifies the specific duty that Defendants had to disclose information about Aequitas' financial situation to different groups of persons related to the government's allegations of fraud by omission. In their reply brief, Defendants specifically enumerated 14 requests for detailed information. ECF 116.

### A. Defendants' General Argument

The moving Defendants argue that the complexity of the alleged conspiracy, the scale and volume of the government's discovery, and the duration of the alleged conspiracy all favor requiring a bill of particulars. Defendants cite *United States v. Kahale*, 789 F. Supp. 2d 359, 372-73 (E.D.N.Y. 2009), in which a district court granted a defendant's motion for a bill of particulars.[1] Unlike the pending case, however, *Kahale* involved unidentified "coconspirators," and the alleged conspiracy in that case was about three times as long in duration as the alleged conspiracy here. Defendants also cite *Will v. United States*, 389 U.S. 90 (1967), in which the Supreme Court's analysis was limited to the appropriateness of a writ of mandamus, instead of analyzing the merits of ordering a bill of particulars. Defendants also refer to *United States v.*

---

[1] Defendant Jesenik states that *Kahale* was a decision from the U.S. Court of Appeals for the Second Circuit, when in fact it was issued by the U.S. District Court for the Eastern District of New York. *See* ECF 108 at 11.

*Yim*, 2011 U.S. Dist. LEXIS 145218 *3 (W.D. Wash. 2011), in which the indictment did not specify the duration of the conspiracy, unlike the case here.

Although the moving Defendants also cite several cases from other circuits to support their contention that an overwhelming scale of governmental discovery could be a factor that supports requiring a bill of particulars, *see, e.g.*, *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011); *United States v. Bin Ladin*, 92 F. Supp. 2d 225, 244 (S.D.N.Y. 2000), these cases do not involve circumstances in which the prosecution provided extensive discovery and was required by the court to disclose its trial exhibits and witness lists well before trial.

The Court notes that the Ninth Circuit has stated that a bill of particulars is not necessary if "the indictment itself provides sufficient details of the charges and if the government provides full discovery to the defense." *Mitchell*, 744 F.2d at 705; *see also Giese*, 597 F.2d at 1180. Here, the details stated in the indictment and the thoroughness of the government's discovery will assist Defendants in preparing for trial. Further, the early deadlines established by the Court for the government to disclose its trial exhibits and trial witnesses will further assist Defendants.

## B. Specific Investments

The moving Defendants also argue that the Indictment fails to identify which specific Aequitas investments were made by investors after receiving allegedly material misrepresentations or omissions. Defendants argue that the Indictment simply charges that "various" investments were sold as part of the conspiracy between June 2014 and February 2016. The moving Defendants assert that the government's failure to name the specific investments impedes their ability to prepare a defense due to the sheer number of Aequitas' investments (21 unique securities offerings). The moving Defendants also emphasize the complexity of the alleged conspiracy and the size of the discovery already produced.

The government responds that the Indictment clarifies that the alleged fraud involved soliciting investments in funds from which investor moneys were diverted to redeeming earlier investments, as well as paying operating expenses. Additionally, the government argues that the individual counts of wire fraud alleged in Counts 2 through 20 of the Indictment specifically identify the transfers of investor moneys into the ACF Private Note and the IOF II fund (Income Opportunity Fund II, LLC), as well as identify email communications about real and purported uses of moneys from named investors.

## C. Overt Acts

The moving Defendants also specifically request that the government identify all "overt acts" taken in furtherance of the alleged conspiracy. The Ninth Circuit, however, has previously explained that a request "to delineate . . . overt acts that comprised the charged activity" is not appropriate for a bill of particulars. *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985), *amended on other grounds*, 777 F.2d 543 (9th Cir. 1985); *see also United States v. Cerna*, 2009 WL 2998929, at *3 (N.D. Cal. Sept. 16, 2009) ("Defendants' 'request for the when, where, and how of every act in furtherance of the conspiracy [is] equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars.'" (alteration in original) (quoting *Giese*, 597 F.2d at 1181)); *United States v. Chen*, 2006 WL 3898177, at *3 (N.D. Cal. Nov. 9, 2006) ("The Court agrees with the government that the indictment need not specify the overt acts committed in furtherance of the charged conspiracies . . . .").

Before the government must disclose its trial exhibits and witness list, a defendant is "not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case." *United States v. Muhammed*, 2013 WL 5200117, at *1 (D. Ariz. Sept. 16, 2013) (quoting *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986)) (emphasis in

original). Here, the government's theory is clear. The Court finds that the Indictment, as alleged, and as supplemented by the disclosures the government has already made, adequately informs Defendants of the nature of the charges against them with sufficient precision to enable them to prepare for trial and minimize the danger of unfair surprise, as well as to avoid double jeopardy. Thus, a bill of particulars identifying the specific investments at issue is not necessary. *See Ayers*, 924 F.2d at 1483-84.

### D.  Duty to Disclose

The moving Defendants also argue that the allegations that Defendants failed to disclose material facts about Aequitas' financial condition and its use of investment proceeds to at least five group of persons (*i.e.*, general investors, RIAs, the public at large, Aequitas's lawyers, and Aequitas's auditors) are unreasonably vague. Defendants assert that they cannot adequately defend a conspiracy to commit fraud by omission when the government has failed to disclose legal and factual allegations showing a duty to speak. The moving Defendants cite the unpublished decision in *United States v. Spanier*, 744 F. App'x 351, 353-54 (9th Cir. 2018), for the proposition that the government must establish a defendant's duty of disclosure whenever the fraud is based on affirmative misrepresentations, half-truths, and omissions. That case, however, only holds that a duty to disclose must be proven when fraud is based on omissions. *Id.*

The government responds that Defendants are not charged with soliciting funds through truthful but incomplete statements. Instead, Defendants allegedly misrepresented material facts and made misleading half-truths. The government explains that Defendants are charged with a scheme to defraud that they executed in part by concealing material facts from investors, lawyers, and accountants after making material misrepresentations and misleading half-truths.

Although a fraud case premised only on a theory of material omission may require proof of an independent duty to disclose information, *see United States v. Shields*, 844 F.3d 819, 822-

PAGE 9 – OPINION AND ORDER DENYING MOTION FOR BILL OF PARTICULARS

23 (9th Cir. 2016), the government need not prove such a duty in fraud cases premised on either affirmative misrepresentations or half-truths. *See United States v. Lloyd*, 807 F.3d 1128, 1153 (9th Cir. 2015); *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir. 1986)). In cases involving half-truths, the duty to disclose automatically arises from the misleading truth half-spoken, not from any independent duty to disclose. *See Lloyd*, 807 F.3d at 1153. The Court finds that the Indictment and the government's discovery adequately inform Defendants of the nature of the charges against them with sufficient precision to enable them to prepare for trial, reduce the risk of unfair surprise, and avoid double jeopardy. Thus, a bill of particulars describing Defendants' specific duty to disclose is not necessary. *See Ayers*, 924 F.2d at 1483-84.

**E.  Timeliness**

Finally, the parties disagree on whether the pending motion for a bill of particulars is timely. Rule 7(f) provides that a district court "may direct the government to file a bill of particulars" and that the "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Here, the moving Defendants requested a bill of particulars more than a year after their arraignments, and the Court's scheduling order did not extend the time for filing a motion for a bill of particulars. Nevertheless, because the Court has considered the substance of the moving Defendants' request for such a bill and rejects that request on the merits, the Court need not resolve whether the request was timely.

## CONCLUSION

The Court DENIES the pending motion for a bill of particulars. ECF 108; ECF 114.

**IT IS SO ORDERED**.

DATED this 24th day of March, 2022.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge
