IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**ROBERT J. JESENIK**,<br>**ANDREW N. MacRITCHIE**, and<br>**BRIAN K. RICE**,<br><br>Defendants. | Case No. 3:20-cr-228-SI<br><br>**ORDER DENYING DEFENDANT JESENIK'S MOTION FOR MISTRIAL AND ALTERNATIVE MOTION FOR CURATIVE INSTRUCTION** |

Natalie K. Wight, United States Attorney, and Ryan W. Bounds, Christopher L. Cardani, Siddharth Dadhich, and Hannah Horsley, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Ave., Suite 600, Portland, OR 97204. Of Attorneys for United States of America.

Conor Huseby, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, 101 SW Main Street, Suite 1700, Portland, OR 97204; Scott L. Mullins, MULLINS LAW OFFICE LLC, 1000 SW Broadway St., Suite 2300, Portland, OR 97205; and Per C. Olson and Megan E. McVicar, HOEVET OLSON, PC, 1000 SW Broadway, Suite 1740, Portland, OR 97205. Of Attorneys for Defendant Robert J. Jesenik.

Michael Tremonte and Anna Maria Estevao, SHER TREMONTE LLP, 90 Broad St., 23rd Floor, New York, NY 10004; and Samuel C. Kauffman, KAUFFMAN KILBERG LLC, 1050 SW Sixth Ave., Suite 1414, Portland, OR 97204. Of Attorneys for Defendant Andrew N. MacRitchie.

Angelo J. Calfo, Damon C. Elder, and Henry Charles Phillips, MORGAN, LEWIS & BOCKIUS LLP, 1301 Second Ave., Suite 2800, Seattle, WA 98101; and Bakari E. Ziegler, MORGAN, LEWIS & BOCKIUS LLP, One Market, Spear Tower, San Francisco, CA 94105. Of Attorneys for Defendant Brian K. Rice.

**Michael H. Simon, District Judge.**

This case was submitted to the jury on Wednesday, May 10, 2023. The following day, May 11th, the Supreme Court decided *Ciminelli v. United States*, 598 U.S. ---, --- S.Ct. ---, 2023 WL 3356526 (2023). On Friday, May 12th, the jury adjourned for the weekend without having reached a verdict. On Sunday, May 14th, Defendant Robert J. Jesenik moved for a mistrial or, in the alternative, for a curative instruction, relying on the Supreme Court's decision in *Ciminelli*. ECF 632. Mr. MacRitchie joins Mr. Jesenik's motion (ECF 635), as does Mr. Rice (ECF 634). The government opposes the motion (ECF 633).

The Court based its jury instructions, including Jury Instruction 20 (ECF 622), on, among other things, the Ninth Circuit's decision in *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020). In that case, the Ninth Circuit held that "to be guilty of wire fraud, a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a defendant must intend to deceive and cheat." *Id.* at 1101. In that decision, the Ninth Circuit further held:

> Miller's primary defense — that he was not guilty of wire fraud because he intended to pay back the funds he deceptively obtained from MWRC — is *not a defense at all*. In *United States v. Treadwell*, this court already considered and rejected the argument that the wire fraud statute requires an intent to permanently deprive a victim of money or property. 593 F.3d at 996-98 (citing with approval *United States v. Hamilton*, 499 F.3d 734, 736 (7th Cir. 2007) ("If you embezzle from your employer you are not excused just because you had an honest intention of replacing the money, maybe with interest ...."). *Intent to repay, therefore, is not a defense to wire fraud*.

*Id*. at 1103 (footnote omitted) (emphasis added).

Mr. Jesenik argues that *Ciminelli* "*implicitly* overrules *Treadwell* which held that 'intent to repay' in investment schemes was not a defense." ECF 632 at 4 (emphasis added). He contends that a mistrial should be granted "because the Court agreed with the government before

PAGE 2 – ORDER DENYING DEFENDANT JESENIK'S MOTION FOR MISTRIAL

trial that intent to repay could not be used as a defense; had *Ciminelli* been decided before trial, defendants likely would have pursued other defense strategies." *Id*. at 8.

At issue in *Ciminelli*, however, was a conspiracy to rig the process for issuing requests for proposals (RFPs) for contractors seeking to become "preferred developers" in a publicly funded economic-development project in New York. *Ciminelli*, 2023 WL 3356526, at *2–*3. Ciminelli conspired with two insiders to include criteria in the RFPs that uniquely favored his own company. *Id*. at *3. Through that subterfuge, Ciminelli successfully positioned himself at the head of the line for a $750 million construction contract. Ciminelli and several others were charged with and convicted of federal wire fraud and conspiracy to commit wire fraud under "the Second Circuit's 'right to control' theory, under which the Government can establish wire fraud by showing that the defendant schemed to deprive a victim of potentially valuable economic information necessary to make discretionary economic decisions." *Id*. (emphasis added).

In reviewing the lower courts' history of expanding federal fraud statutes to reach deprivations of various intangible rights, the Supreme Court reiterated its holding that "the Government must prove not only that wire fraud defendants 'engaged in deception,' but also that *money or property* was 'an object of their fraud.'" *Id*. at *4 (quoting *Kelly v. United States*, 140 S. Ct. 1565, 1571 (2020) (emphasis added)). The Supreme Court in *Ciminelli* then reversed the convictions because "valuable economic information," rather than "money or property," was the alleged object of the bid-rigging scheme. *Id*. at *5 ("The right to valuable economic information needed to make discretionary economic decisions is not a traditional property interest. Accordingly, the right-to-control theory cannot form the basis for a conviction under the federal fraud statutes."). The Court also noted that it was not the publicly funded contracts themselves, much less the proceeds thereof, that were the alleged objects of the scheme. *Id*. at *3 n.1.

PAGE 3 – ORDER DENYING DEFENDANT JESENIK'S MOTION FOR MISTRIAL

Unlike *Ciminelli*, neither the "right to control" or "economically valuable information" was the object of the scheme to defraud charged in this case. As the Supreme Court noted in *Ciminelli*, the Ninth Circuit long ago rejected the "right of control" as a proper predicate for a federal fraud prosecution. *Id*. at *4 n.3 (citing *United States v. Bruchhausen*, 977 F.2d 464, 468 (9th Cir. 1992)). Further, the Ninth Circuit also rejected criminal fraud liability based on withholding "economically valuable information," at least in the absence of a fiduciary relationship of the sort not alleged here. *See United States v. Shields*, 844 F.3d 819, 823 (9th Cir. 2016) ("[W]e conclude that it was error to not instruct the jury that it must find a relationship creating a duty to disclose before it could conclude that a material non-disclosure supports a wire fraud charge.").

Here, all three defendants are charged with a scheme to obtain investors' money through material misrepresentations and misleading half-truths about, among other things, the intended uses of investors' funds and the financial health of Aequitas. The object of the alleged scheme was not "control" or "information," but money itself. And *Ciminelli* says nothing about federal criminal liability for such schemes, which are the archetypal subject of federal fraud prosecutions. *See, e.g., Shaw v. United States*, 580 U.S. 63, 67 (2016) ("Many years ago Judge Learned Hand pointed out that '[a] man is none the less cheated out of his property, when he is induced to part with it by fraud,' even if 'he gets a quid pro quo of equal value.'" (quoting *United States v. Rowe*, 56 F.2d 747, 749 (2d Cir. 1932)).

The Court rejects Mr. Jesenik's arguments on the merits on several grounds. First, the Ninth Circuit's decision in *United States v. Miller*, on which the challenged instructions were based, is not "clearly irreconcilable with the reasoning or theory of intervening higher authority,"

PAGE 4 – ORDER DENYING DEFENDANT JESENIK'S MOTION FOR MISTRIAL

namely *Ciminelli*. Because this is the applicable standard, *see Miller v. Gammie*, 334 F.3d 889, 893 (9th Cir. 2003) (en banc), this district court must follow *United States v. Miller*.

As noted, *Ciminelli* did not involve a victim parting with money based on material misrepresentations or half-truths made with an intent to defraud, which is a classic and well-recognized scheme to deprive a person of a traditional property interest, namely money. Here, the three defendants allegedly deprived investors of tangible property, namely large sums of money, based on material misrepresentations and misleading half-truths. Moreover, the Supreme Court in *Ciminelli* never even mentioned the issue of a defendant's intent to repay the person who parted with money based on material misrepresentations or misleading half-truths, let alone cast any doubt on well-established law that intent to repay is not a defense to fraud.

Second, the holding in *Ciminelli* did not change the basic rule in mail and wire fraud cases that when a defendant obtains *money* from a victim based on intentionally and materially false representations and misleading half-truths with an intent to defraud, any intent ultimately to repay is not a defense. In his motion, Mr. Jesenik states that "the Court agreed with the government before trial that intent to repay could not be used as a defense; had *Ciminelli* been decided before trial, defendants likely would have pursued other defense strategies." ECF 632 at 8. Because an intent ultimately to repay is not a defense to a charge of fraudulently obtaining money under false pretenses, neither a mistrial nor a curative instruction is warranted.

Indeed, if Mr. Jesenik's theory that underlies his motion for mistrial were the law, then a defendant could get away with obtaining money from an investor under false pretenses by falsely telling the investor that the investor's money would be kept safe in an interest-bearing, FDIC-insured bank account and would be returned within 180 days with interest, knowing full well that the defendant intended to use that money to buy cryptocurrency (or even to place a bet

PAGE 5 – ORDER DENYING DEFENDANT JESENIK'S MOTION FOR MISTRIAL

on a sports game or horserace), provided that the defendant sincerely believed that the price of cryptocurrency would rise in the short term (or that the sports game or horserace was "fixed" to favor the defendant). Even if such a defendant sincerely believed he would be able to repay the investor's money timely and with interest, if the defendant's belief about future events proved true, that simply is not the law of federal wire or mail fraud in the United States.

Finally, Mr. Jesenik cites *United States v. Yates*, 16 F.4th 256, 269 (9th Cir. 2021), for the proposition that a conviction should be vacated when two out of three prosecution theories were invalid, and the two invalid theories were the focus of the government's case. That decision is inapplicable here because the government only advanced one theory of fraud in this case: one or more defendants, acting with the intent to defraud, knowingly obtained *money* from investors based on material misrepresentations and misleading half-truths knowingly made, and they conspired to do so. Thus, neither *Yates* nor *Ciminelli* has any bearing in this case.

The Court DENIES Defendant Jesenik's Motion for Mistrial and Alternative Motion for Curative Instruction (ECF 632), which was joined by Mr. Rice (ECF 634) and Mr. MacRitchie (ECF 635).

**IT IS SO ORDERED.**

DATED this 15th day of May, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 – ORDER DENYING DEFENDANT JESENIK'S MOTION FOR MISTRIAL